IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY STRAHAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 10-2441 |
| | § | |
| WASTE MANAGEMENT, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

The plaintiff, Bill Strahan, moves for jury trial. (Docket Entry No. 37). The parties also seek an extension of the scheduling and docket control order to accommodate delays in taking the plaintiff's deposition.

Federal Rule of Civil Procedure 38 allows any party to demand a trial by jury no later than 14 days after the last pleading directed to the issue is served. Fed. R. Civ. P. 38(b). Failure to properly serve and file a demand waives the right to trial by jury. Fed. R. Civ. P. 38(d). The plaintiff waived his right to a jury trial in this case by untimely notifying the court of his desire to have a jury trial. But a finding of waiver does not end the analysis. Rule 39(b) grants the court the discretion to relieve a party from its waiver of a jury trial. Fed. R. Civ. P. 39(b); *Farias v. Bexar County Bd. of Trustees,* 925 F.2d 866, 873 (5th Cir.1991). Generally, "a court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Mesa Petroleum Co. v. Coniglio,* 629 F.2d 1022, 1029 (5th Cir.1980). If the failure to make a timely jury demand is the result of "mere inadvertence," it is not an abuse of discretion to deny a Rule 39(b) motion. *Farias v. Bexar County Bd. of Trustees,* 925 F.2d 866, 873 (5th Cir.1991).

In this case, the plaintiff waited over a year before asking for a jury trial. Although there is time before the case will be tried, the discovery has ended and it was not done in the expectation of a bench trial, not a jury trial. Given these circumstances, and the lengthy delay in the plaintiff's request, the motion to strike the request for jury trial is granted. The request for additional discovery is without support and is denied.

The remaining deadlines in this case are reset as follows:

1.  October 31, 2011    **PRETRIAL MOTIONS DEADLINE**
    No motion may be filed after this date except for good cause.

2.  January 13, 2012    **JOINT PRETRIAL ORDER AND MOTION IN LIMINE DEADLINE**
    The Joint Pretrial Order will contain the pretrial disclosures required by Rule 26(a)(3) of the Federal Rules of Civil Procedure. Plaintiff is responsible for timely filing the complete Joint Pretrial Order. Failure to file a Joint Pretrial Order timely may lead to dismissal or other sanction in accordance with applicable rules.

3.  January 27, 2012    **DOCKET CALL**
    Docket Call will be held at 2:00 p.m. in Courtroom 11-B, United States Courthouse, 515 Rusk, Houston, Texas. No documents filed within seven (7) days of the Docket Call will be considered. All pending motions may be ruled on at docket call, and the case will be set for trial.

SIGNED on September 26, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge